# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO.:

KAITLYN McBRIDE,

    Plaintiff,

vs.

ORLANDO HEALTH, INC.,
a Florida Not For Profit
Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF REQUESTED
## DECLARATORY RELIEF REQUESTED

Plaintiff, KAITLYN McBRIDE ("Ms. McBride" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, ORLANDO HEALTH, INC. ("Defendant" or "OHI"), a Florida not for profit corporation, and states as follows:

1. Plaintiff brings this action for disability discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Orlando, Orange County, Florida.

4. Defendant is a Florida limited liability company that operates and conducts business in Orlando, Orange County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 12101, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same set of operative facts and circumstances as her ADA claim.

9. Plaintiff worked for Defendant in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

10. On or about December 20, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

11. On January 18, 2023, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her disability discrimination and retaliation claims within ninety (90) days of her receipt of same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. McBride worked for OHI as a Nursing Assistant from June of 2017 until her termination on June 8, 2021.

16. In December of 2020 and January of 2021, Ms. McBride suffered flareups of a disability in her foot, and had to utilize short term disability leave in order to treat and address the disability.

17. Ms. McBride's treating physician ordered her to wear a boot, a completely reasonable and non-burdensome restriction.

18. Nevertheless, OHI Nursing Operations Manager Kelli Acomb refused to permit Ms. McBride to work in the boot, even though other OHI workers worked in a boot.

19. OHI also selectively imposed a "100% healed" policy against Ms. McBride with respect to her disability.

20. In April of 2021, Ms. McBride's treating physician put her on a different reasonable, non-burdensome restriction, specifically standing for thirty

4

(30) minutes of each hour because prolonged sitting exacerbated her disability and symptoms connected therewith.

21. On April 27, 2021, Ms. McBride asked Ms. Acomb and OHI Human Resources representative Melissa Ganam whether OHI would accommodate her reasonably in this respect.

22. These individuals told Ms. McBride to submit her request for accommodation through OHI's third-party benefits coordinator, the Reed Group.

23. This was done on April 28, 2021.

24. On May 6, 2021, Ms. Acomb pressured Ms. McBride to update her on her request for accommodation.

25. Ms. McBride learned from the Reed Group that her accommodation had begun on April 28, 2021.

26. Ms. McBride reported this to Ms. Acomb immediately.

27. Nevertheless, on May 13, 2021, Ms. Acomb insisted that Ms. McBride work as a "sitter" in a patient's room, which was not part of her actual job description, and which would not permit Ms. McBride to avail herself of her accommodation of standing for thirty (30) minutes of each hour.

28. Ms. McBride objected to OHI that its actions violated, *inter alia*, the ADA and the FCRA.

5

29. Ms. McBride McBride reiterated these objections to OHI's Human Resources Department the next day, May 14, 2021.

30. Ms. McBride's objections constituted protected activity under the ADA and the FCRA.

31. In response to Ms. McBride's objections, Ms. Ganam told Ms. McBride, "maybe you should just find another job."

32. Very shortly thereafter, on June 8, 2021, Ms. McBride learned that OHI had decided to terminate her employment, effective immediately.

33. Defendant did not have a legitimate, non-discriminatory reason for its actions.

34. OHI terminated Ms. McBride's employment owing to her disability, and/or its perception of Ms. McBride as disabled.

35. The timing of Plaintiff's disclosure of her disability, her requests for accommodation, and OHI's termination of her employment creates a close temporal proximity between the events.

36. Ms. McBride's health condition certainly is considered a protected disability under the ADA.

37. Plaintiff was qualified to perform the essential functions of the position, but OHI believed that due to her disability, and/or its perception of Plaintiff's disability, Plaintiff could not continue employment with Defendant.

38. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

39. Defendant failed to accommodate Plaintiff's disability and related symptoms.

40. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

41. Defendant lacked a good faith basis for its actions.

42. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and the FCRA.

43. OHI was aware of Ms. McBride's ADA- and FCRA-protected medical condition and her need for accommodation.

44. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same.

45. Ms. McBride is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Nursing Assistant position.

46. Reasonable accommodation would have permitted Ms. McBride to

perform her job duties, and would have imposed no undue hardship on Defendant.

47. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of her medical condition, and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

48. Defendant's reason for terminating Plaintiff's employment is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

49. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

50. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties with or without reasonable accommodation.

51. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on her disability and need for medical treatment/accommodation.

52. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

56. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

57. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned by the ADA and the FCRA.

58. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of her disability and/or "perceived disability."

59. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9)(B).

60. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that

employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

61. An employer's imposition of a 100% healed policy against an employee such as Ms. McBride constitutes a *per se* violation of the ADA and the FCRA. *Moore v. Jackson County Bd. of Educ.*, 979 F.Supp.2d 1251 (N.D. Ala. 2013).

62. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

63. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

64. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

65. Plaintiff realleges and adopts the allegations contained in paragraphs 1-64 of the Complaint as if fully set forth in this Count.

66. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

67. The discrimination to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

68. Defendant unlawfully terminated Plaintiff's employment based on her medical condition and disability, and/or perceived disability.

69. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

70. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

72. Plaintiff realleges and adopts the allegations contained in paragraphs 1-64 of the Complaint as if fully set forth in this Count.

73. The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

74. The discrimination to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

75. Defendant unlawfully terminated Plaintiff's employment based on her medical condition and disability, and/or perceived disability.

76. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

77. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 64, above, as if fully set forth in this Count.

80. Plaintiff was discharged within close temporal proximity of her requests for accommodation and of her objections to Defendant that she felt she was being discriminated against based on her disabilities.

81. Plaintiff's objections constituted protected activity under the ADA.

82. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

83. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 64, above, as if fully set forth in this Count.

90. Plaintiff was terminated within close temporal proximity of her requests for accommodation and of her objections to Defendant that she felt she was being discriminated against based on her disabilities.

91. Plaintiff's objections constituted protected activity under the FCRA.

92. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

93. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

94. Defendant's stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 17th day of April, 2023.

>Respectfully Submitted,
>
>By: **/s/ Noah E. Storch**
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. State Rd. 84 Suite 103
>Davie, FL 33324
>Telephone:  (866) 344-9243
>Facsimile:   (954) 337-2771
>E-mail: noah@floridaovertimelawyer.com
>
>*Attorneys for Plaintiff*